# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-KP-00186-SCT

*ROY SMITH a/k/a ROY VERNON SMITH*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/25/95 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER JR. |
| COURT FROM WHICH APPEALED: | ATTALA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY | DOUG EVANS |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 4/10/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DAN LEE, C.J., McRAE AND SMITH, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

Roy Smith prays for relief from the judgment of the Attala County Circuit Court denying post conviction relief on the grounds that he was tricked by his attorney and the county sheriff into pleading guilty to two counts of murder. Smith asserts that he was promised that he would serve ten years in the county jail, but that a short time later he was transferred to Parchman. Smith asserts that had he known that he would be sent to Parchman upon being found guilty, he would have proceeded to trial. This Court finds no merit to the issue presented and therefore affirms the finding of the trial court per curiam.

## FACTS

On August 23, 1991, Roy Vernon Smith plead guilty in open court to the murders of Billy Ray King

and Maxine P. Newsome. He was sentenced to serve two concurrent terms in the Mississippi Department of Corrections. It is Smith's claim that the only reason that he pled guilty is because he was promised by his attorney and by the county sheriff that he would serve the duration of his term in the county jail as a trusty and never go to Parchman. In July, 1992, Smith was taken to Parchman for medical treatment, and placed in the general population.

On August 27, 1994, Smith filed this action, claiming that his plea of guilty was not knowingly, intelligently, and voluntarily entered into, and that he was denied effective assistance of counsel within the meaning of the Sixth Amendment of the Constitution of the United States. On January 25, 1995, the circuit judge entered an order denying post conviction relief, stating as his reason that the motion was time-barred. Aggrieved, Smith appeals.

## STANDARD OF REVIEW

This Court will not set aside findings of a trial court sitting without a jury unless such findings are clearly erroneous. *Schmitt v. State*, 560 So. 2d 148, 151 (Miss. 1990).

## DISCUSSION OF LAW

Smith cites two issues for the Court's consideration. Because of the disposition of the first, we find it unnecessary to consider the second.

### I.

**WHETHER THE TRIAL COURT ERRED IN SUMMARILY DISMISSING SMITH'S POST CONVICTION CLAIMS WITHOUT AN EVIDENTIARY HEARING.**

Miss.Code Ann. § 99-39-5(2) (Supp. 1996) allows a defendant three years after the entry of an order of conviction in which he may attack his conviction and ask for an evidentiary hearing. Smith filed his appeal on August 27, 1994, four days past the statutory deadline for appealing a conviction under a plea. Accordingly, the trial judge summarily dismissed Smith's motion to vacate his conviction and sentence.

Smith contends that the date of conviction is not the relevant date. Rather, it is his position that the statute of limitations was tolled on the date that the state broke its agreement, which would have been July, 1992. Therefore, according to Smith, he still had time to file his appeal.

Miss.Code Ann. § 99-39-5(2) lists several exceptions to the three year limitation. Among these are: (1) an intervening decision of either the Mississippi Supreme Court or the United States Supreme Court which would have adversely affected the outcome of his conviction or sentence; (2) evidence, not reasonably discoverable at the time of his plea, which is of such a nature that it almost conclusively would have changed the outcome of a conviction or sentence; (3) the prisoner claims that his sentence has expired or that his probation, parole, or conditional release has been revoked. In this case, there has been no intervening decision which would be sufficient to adversely affect the outcome of Smith's guilty plea. Neither has there been any new evidence presented which would change the outcome of the sentence or the conviction. Finally, Smith's sentence has not expired, and he is not currently on probation, parole, or conditional release. Thus, this Court finds that Smith's appeal was procedurally barred. As a result, the balance of the issues cited by Smith are moot.

## CONCLUSION

This Court finds that the trial court did not err in summarily dismissing Roy Smith's claims in that they were time-barred. Therefore the judgment of the trial court should be affirmed.

**DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS AND MILLS, JJ., CONCUR.**